Bonnie J. CARROLL, Widow of William J. Carroll, Petitioner,

v.

PRO–LAND, INC./KEM COAL COMPANY; Tasco Energy, c/o Accordia Employers Service; Director, Office of Workers' Compensation Programs, United States, Respondents.

No. 03–3149.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

James D. Holliday, Holliday & Lewis Law Firm, Hazard, KY, for Petitioner.

Laura Metcoff Klaus, Mark E. Solomons, Greenberg & Traurig, Christian P. Barber, Jennifer U. Toth, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondents.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

## ORDER

Bonnie J. Carroll, a Kentucky resident, petitions through counsel for review of a Benefits Review Board order affirming an administrative law judge's decision denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Mrs. Carroll is the widow of a coal miner. The miner. The miner was born in 1932, and married Mrs. Carroll in 1954. He worked for twenty years in coal strip mining, before retiring in 1992. He smoked for most of his life, up to two packs per day. Following the miner's death in 1999, Mrs. Carroll filed a claim for black lung benefits, which was initially awarded at the administrative level. The respondent employer requested a hearing before an administrative law judge (ALJ), who determined that the claim must be denied because the medical evidence of record did not establish that the miner suffered from pneumoconiosis, or that pneumoconiosis caused or hastened his death. Mrs. Carroll appealed to the Benefits Review Board, which affirmed the ALJ's finding that death was not due to or hastened by pneumoconiosis, and did not reach the issue of whether the existence of pneumoconiosis had been established. In her brief, Mrs. Carroll argues that the opinion of the miner's treating physician, Dr. Wicker, was sufficient to establish that his death was due to pneumoconiosis.

This court reviews the decision of an ALJ in a black lung benefits case to determine whether it is supported by substantial evidence and in conformance with the applicable law. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). Upon careful consideration, we conclude that the decision below meets this standard.

There was a significant amount of medical evidence available in this case. Two physicians who examined the miner around the time of his retirement diagnosed pneumoconiosis on the basis of X-rays. However, the ALJ properly found that the weight of the X-ray evidence in this case was not supportive of a finding of pneumoconiosis, as the majority of the readings by the more qualified physicians were negative.

Thus, these opinions were properly accorded less weight. The miner's treatment notes and hospitalization records show that pneumoconiosis was not mentioned again with the exception of one reference in a 1992 hospitalization record which attributed the miner's shortness of breath to occupational exposure to dust. The miner's other diagnosed conditions included chronic obstructive pulmonary disease, high blood pressure, obesity, heart disease, esophageal reflux, renal failure, and tremors. The miner was also obviously disabled from a respiratory standpoint, as there were several blood gas studies indicating disability, and he was diagnosed with cor pulmonale.

Even if the existence of pneumoconiosis had been established, in order to be entitled to survivor's benefits, Mrs. Carroll was required to establish that the miner's death was caused or hastened by pneumoconiosis. *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993). The treating physician, Dr. Wicker, completed the miner's death certificate, stating that the cause of death was respiratory failure. When questioned by the Department of Labor, Dr. Wicker opined that the miner's respiratory failure was due to a number of causes, including his lengthy cigarette abuse and pneumoconiosis. Dr. Wicker pointed to X-ray evidence of pneumoconiosis to explain that conclusion. When asked if his conclusion would be the same if it were assumed that the X-ray evidence was negative for pneumoconiosis, he indicated that it would be, based on clinical findings. This statement was not further explained. Nor did Dr. Wicker explain why he had never mentioned pneumoconiosis in any of the treatment notes of record during the miner's lifetime. On the other hand, several qualified physicians were consulted by the respondent and furnished with the medical evidence to review who concluded that pneumoconiosis played no role in the miner's death. These well-explained opinions were properly found by the ALJ to outweigh Dr. Wicker's conclusory statement that pneumoconiosis contributed to the miner's death. *Cf. Lango v. Director, OWCP,* 104 F.3d 573, 577 (3d Cir.1997) (physician's statement that pneumoconiosis hastened death, without explanation, is insufficient).

Because the claimant has the burden of establishing the elements of entitlement to benefits by a preponderance of the evidence, *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 158, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), it cannot be said that the ALJ's decision in this case is not supported by the evidence or in accordance with the law. Therefore, the petition for review must be denied.